**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


LIANG ZHAO,

               Petitioner,

v.

WILLIAM P. BARR, Attorney General,

               Respondent.

Nos.  15-73772
        17-71462

Agency No. A087-871-758

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2018[**]
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and BASTIAN,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Liang Zhao ("Zhao"), a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and review of the BIA's decision denying Zhao's untimely motion to reopen pursuant to the BIA's sua sponte powers. Zhao claims to fear harm by police in China for his participation in a Christian house church. We have jurisdiction under 8 U.S.C. § 1252. We deny Zhao's petition for review.

First, the BIA properly concluded that Zhao was not credible based on substantial evidence. Zhao left Michigan, stayed in Chicago for two weeks, and then moved to Los Angeles because he claimed the Chinese police would not be able to find him there. This is implausible on its face as it is no more likely to be anonymous in Los Angeles than in Chicago. Moreover, this contradicts Zhao's testimony. When asked by the Immigration Judge why he moved to Los Angeles, Zhao stated, "Because, because it was freezing cold during the winter in Chicago, that environment I dislike."

In addition, while Zhao testified during his hearing before the Immigration Judge that his father bribed officials at the airport so he could leave China, he did not mention such bribe in his written statement. Zhao testified that he did not mention it in his written statement because he did not personally see his father

2

bribe the officials, but the BIA did not find his explanation persuasive. The Immigration Judge noted that the omission of the alleged bribe was significant because "it would be the only thing to show that [Zhao] was [in] danger at the time he got to the airport," such that his father would need to pay a bribe for Zhao's departure from China.

Further, the BIA noted that the Immigration Judge observed that Zhao "exhibited poor demeanor, as if he were fabricating the story of his father having to bribe government officials to secure his safe departure from China." The Immigration Judge found that during Zhao's testimony about his father's alleged bribery, Zhao appeared to be "making this part of his story up as he went along." *See Manes v. Sessions*, 875 F.3d 1261, 1265 (9th Cir. 2017) (denying petition for review of BIA's order affirming an immigration judge's denial of application for asylum because substantial evidence supported the immigration judge's adverse credibility determination based on petitioner's demeanor).

Substantial evidence supports the Immigration Judge's adverse credibility determination. The BIA thus properly denied Zhao's claims for asylum, withholding, and CAT protection, which were based on Zhao's testimony.

Second, the BIA's determination as to whether it will exercise its sua sponte authority to reopen proceedings is entirely discretionary and beyond the scope of

our authority to review. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *Toufighi v. Mukasey*, 538 F.3d 988, 993 n.8 (9th Cir. 2008); *Ekimian v. INS*, 303 F.3d 1153, 1159-60 (9th Cir. 2002). It is undisputed that Zhao's motion to reopen was untimely. The BIA declined to exercise its discretionary authority to reopen his proceedings sua sponte.

This court "has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Zhao has not raised a colorable constitutional claim nor a legal error, and we therefore lack jurisdiction over the petition for review to the extent Zhao challenges the BIA's denial of sua sponte reopening.

**PETITION FOR REVIEW DENIED.**